# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10441

United States Court of Appeals
Fifth Circuit

**FILED**

October 21, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MARIO MUNOZ-NAVARRO,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas

Before REAVLEY, OWEN, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:

Mario Munoz-Navarro pled guilty to possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1). His presentence report, prepared by a probation officer, recommended that he was subject to an enhanced sentence of fifteen years to life imprisonment under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). Munoz-Novarro objected to the enhanced sentence on several grounds; among them was an argument—foreclosed by Supreme Court case law at the time—that ACCA is unconstitutionally vague. The district court overruled that objection, and his others, and sentenced him, under ACCA, to the mandatory-minimum sentence of 180 months of imprisonment and two years of supervised release. Munoz-

No. 14-10441

Navarro timely appealed. We vacate and remand for resentencing in light of the Supreme Court's intervening decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

ACCA authorizes enhanced penalties for defendants who have three or more prior convictions for "violent felonies" committed on different occasions. 18 U.S.C. § 924(e)(1). The Act defines "violent felonies" to include three categories of offenses. First, violent felonies include all "offense[s] that ha[ve] as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). Second, violent felonies include four enumerated offenses: burglary, arson, extortion, and offenses "involv[ing] use of explosives." *Id.* § 924(e)(2)(B)(ii). Finally, violent felonies include offenses "otherwise involv[ing] conduct that presents a serious potential risk of physical injury to another." *Id.* This last category is known as the "residual clause." *Johnson*, 135 S. Ct. at 2556.

After briefing and oral argument were complete in this appeal, the Supreme Court issued *Johnson*, holding that the residual clause is unconstitutionally vague. 135 S. Ct. at 2557. Munoz-Novarro's case is before us on direct review, so *Johnson* applies, *see Griffith v. Kentucky*, 479 U.S. 314, 328 (1987), and decides this appeal. Munoz-Novarro's presentence report identified five potential ACCA predicate offenses: burglary of a habitation, attempted burglary of a habitation, evading arrest with a vehicle, attempted escape, and evading arrest without a vehicle. The government does not dispute that four of the five potential predicates—all but the completed burglary offense—could qualify as violent felonies only under the residual clause. After *Johnson*, therefore, Munoz-Novarro does not qualify for an enhanced penalty under ACCA.

Although Munoz-Novarro's plea agreement included a waiver of his right to appeal his sentence, the government has elected not to rely on appeal

2

No. 14-10441

waivers in ACCA cases in which "the defendant is, post *Johnson*, ineligible for the 15-year minimum sentence created by the [Act]." Consistent with that policy, the government no longer relies on Munoz-Novarro's appeal waiver here.

We vacate the sentence imposed by the district court and remand for resentencing.